# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Robert E. Forehand, Jr.,
and Linda M. Forehand

v.

Donnie Daniels

June 2, 2010

Case No. CL09-173

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on Defendant's Pleas of Statute of Frauds and Statute of Limitations. The Court heard argument by counsel on April 5, 2010, and took the matters under advisement. Having considered the arguments, Defendant's Memorandum of Law, and all applicable law, the Court, for the following reasons, denies the Plea of Statute of Frauds and continues to hold under advisement the Plea of Statute of Limitations.

Plaintiffs allege that on October 21, 2005, at Defendant's request, they gave him a check for $27,633.70 with a notation in the memo line that stated "Loan for Equipment." Further, Plaintiffs claim that Defendant promised to make payments to Plaintiffs or allow them to withhold money from future payments owed to him for work he completed on their behalf. Defendant cashed or deposited the check but has failed to repay any of the money to Plaintiffs, despite their demands. Plaintiffs request a judgment against Defendant in the amount of $27,633.70, among other relief. In response, Defendant filed the Plea of Statute of Frauds and the Plea of Statute of Limitations presently before the Court.

With respect to the Statute of Frauds, Defendant asserts that there was no contract between the parties; but, even if there were, it would be an

oral contract, and its enforcement barred by the Statute of Frauds, Va. Code § 11-2 (2006). In response, Plaintiffs argue, *inter alia*, that this alleged contract does not fall within the Statute of Frauds because it is capable of being completed within one year. The Court concurs with Plaintiffs. The Statute of Frauds provides as follows:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases. ... 8. Upon any agreement that is not to be performed within a year. . . .

Va. Code § 11-2(8) (2006).

Thus, any contract that is capable of being performed within a year is not within the Statute of Frauds:

> When it appears by the whole tenor of an agreement not in writing that it is to be performed after the first year, then the contract is within the statute and must be in writing. But when by its terms, or by reasonable construction, such a contract can be fully performed on one side within a year, although it can be done by the occurrence of some improbable event, as the death of the person referred to, the contract is not within the statute and need not be in writing.

*Silverman v. Bernot,* 218 Va. 650, 654, 239 S.E.2d 118, 121 (1977) (citations omitted).

In the instant case, it is possible that Defendant could have repaid Plaintiffs within one year. Therefore, assuming without deciding that there was a contract between the parties, it was one capable of being completed within one year and thus is not within the Statute of Frauds. For these reasons, Defendant's Plea of Statute of Frauds is denied.

With respect to the Plea of the Statute of Limitations, Defendant claims that, if a contract exists between the parties, it is oral, and thus Plaintiffs failed to comply with the applicable three-year statute of limitations. Va. Code § 8.01-246(4) (2007). Defendant suggests that the cause of action accrued on October 21, 2005, the day the alleged contract was made, and that the action is barred as it was filed more than three years later on February 27, 2009. Plaintiffs' response is two-fold: (1) the

check represents a written contract between the parties, thus giving Plaintiffs five years to file suit; and (2) even if the agreement between the parties constitutes an oral contract, Defendant did not breach the contract until April 2008, the most recent time the parties met and discussed the matter, which was less than three years before Plaintiffs filed the action. As rebuttal, Defendant argues that his signature on the back of the check does not create a contract to repay; rather, it represents acknowledgement of receipt and compliance with a banking requirement. In addition, Defendant argues that the check could not possibly be a written contract, as it is unspecific in its material terms.

The Court concludes that the check does not represent a written contract. Certain fundamental principles of contract law apply:

> In order to be binding, an agreement must be definite and certain as to its terms and requirements; it must identify the subject matter and spell out the essential commitments and agreements with respect thereto. The terms of the contract must be clear, definite, and explicit. A contract must be sufficiently definite to enable a court to give the contract an exact meaning, and the contract must obligate the contracting parties to matters that are definitely ascertained or ascertainable. A contract is not valid and it is unenforceable if the terms of the contract are not established with reasonable certainty.

*Dodge v. Trustees of Randolph-Macon Woman's College*, 276 Va. 1, 5-6, 661 S.E.2d 801, 803 (2008) (quotations and citations omitted).

The check, as the alleged contract in this case, does not identify the essential commitments made by the parties. Its terms are anything but clear, definite, and explicit. For example, it is unclear what equipment was to be purchased, if and when Defendant had to repay Plaintiffs, and whether interest was accruing on the balance. For the Court to use the check as a basis for enforcing an agreement, it would have to assume too many of the material terms. Furthermore, the check does not evidence, expressly nor impliedly, that Plaintiffs received any benefit from the agreement or that Defendant suffered any detriment. There is nothing to suggest that Defendant gave Plaintiffs any consideration, which is a requirement for a contract to exist. *See Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 346, 269 S.E.2d 838, 844 (1980); *Black's Law Dictionary*

347 (9th ed. 2009). Rather than serving as a written contract, the check may be documentary evidence of an oral agreement.

Thus, there was no written contract between the parties; however, the question remains whether Plaintiffs filed their action within the three-year statute of limitations prescribed for an oral contract. Plaintiffs' counsel suggested at the hearing that the date the cause of action accrued was reset each time the parties discussed Defendant's obligation to repay. The most recent discussion occurred in April 2008. As a result, Plaintiffs maintain that Defendant breached the contract in April 2008, the cause of action accrued then, and the action was filed within three years. In order to finally rule on the Plea of Statute of Limitations, the Court must take evidence to determine the date on which the statute of limitations began to run; therefore, the Plea to the Statute of Limitations remains under advisement, pending an evidentiary hearing.

For the foregoing reasons, the Court denies the Plea of the Statute of Frauds and continues to hold under advisement the Plea of the Statute of Limitations. The parties should schedule an evidentiary hearing on the Plea of the Statute of Limitations.